## Commonwealth v. Zahniser

*M. W. Gettig*, for Commonwealth.
*John G. Love*, for defendant.

WALKER, P. J., June 15, 1938.—W. S. Zahniser, the above-named defendant, was charged with violation of section 2 of an ordinance of the Borough of State College dated January 11, 1935, which provides:

"The operator of any motor vehicle, involved in an accident resulting in injuries or death to any person or total property damage to an apparent extent of $5 or more, shall, within twenty-four (24) hours, forward a report of such accident to the borough police, upon forms furnished by the police department or borough secretary. If the operator is physically incapable, as a result of the accident, of making a report, it shall be the duty of any other participant in the accident, who is not incapacitated as a result of the accident, to forward such report."

Pursuant to his arrest, he was fined the sum of $1 and costs of $2.25. A petition was presented to the court and an appeal allowed December 4, 1937. A hearing was held before the court on May 5, 1938, and defendant was found guilty and fined the sum of $5 and costs. A motion in arrest of judgment was filed by defendant alleging that the Borough of State College had no legal authority to enact an ordinance covering the subject matter appearing in section 2 of said ordinance hereinabove set forth.

A municipal corporation possesses only such legislative power as has been delegated to it by the legislature, and authority to pass a particular ordinance must be found in its charter or in general laws pertaining to the powers of a municipal corporation.

With the advent of the automobile and its extensive use, the legislature realized the necessity of uniformity in automobile violations due to the fact that in a single day an operator might pass through many boroughs and, if each were permitted to have its own rules and regulations, the operator of an automobile, due to his inability to keep informed of all the regulations that might be passed by the various boroughs, would be subjected to constant annoyance and prosecution. This is evidenced by the historical note appearing in 75 PS §663, wherein it is stated:

"Section 28 of the act of 1919, June 30, P. L. 678, as amended by act 1921, May 16, P. L. 582, §13, by act 1923, June 14, P. L. 718, §24, and by act 1925, April 27, P. L. 254, §12, which was repealed by section 1301 of art. XIII of act of 1927, May 11, P. L. 886, read as follows:

" *'It being the purpose of this act to provide a system or code of law regulating the use and operation of motor vehicles throughout this Commonwealth,* no city, borough, incorporated town, township, or county, shall hereafter adopt, maintain, or enforce any rule, regulation, or ordinance inconsistent with the provisions of this act, regulating the speed, equipment, use, or operation of motor vehicles, other than city, borough, incorporated town, or township ordinances or rules or regulations made by the police authorities under authority thereof, regulating the stopping, loading, and parking of vehicles, or the establishment of zones in which vehicles may park at night without lights, as provided in section twenty of this act, the use of certain streets as one-way streets, or regulating the kinds, classes, and weight of traffic and its turning on certain streets and in public parks at all or at certain hours, or the establishment of safety zones: Provided, however, That no such special regulation shall be effective unless notice of the same is posted conspicuously by the municipality making the same, at points where any highway affected thereby joins other highways, and

no regulation shall be valid which excludes such vehicles from any State highway or from any main highway leading from one municipality to another' ". (Italics supplied.)

It is apparent from this provision that the desire for uniformity is uppermost in the minds of the legislature. This section of The Vehicle Code of May 1, 1929, P. L. 905, sec. 1103, as amended by the Act of June 5, 1937, P. L. 1718, reads as follows:

"(a) Local authorities, except as expressly authorized by this act, shall have no power or authority to alter any speed limitations declared in this act, or to enact or enforce any ordinance, rule or regulation contrary to the provisions of this act, except that local authorities shall have power to provide by ordinance for the regulation of traffic by means of peace officers or official traffic signals on any portion of the highway where traffic is heavy or continuous, and may regulate or prohibit parking, stopping or loading of vehicles, or prohibit other than one-way traffic upon certain highways, and may regulate the use of the highways by processions or assemblages, and may regulate the kinds and classes of traffic and its turning on certain highways at all or certain hours, and may regulate the transportation by motor vehicles of passengers for compensation within the limits of a city, or from points in the city to points beyond the city limits, and make and enforce regulations for the operation of such vehicles not inconsistent with this act, and designate certain streets upon which such vehicles may be operated".

According to the section last set forth, local authorities, except as expressly authorized by this act, shall have no power or authority to alter any speed limitations declared in this act or to enact or enforce any ordinance, rule, or regulation contrary to the provisions of this act. According to the above provision, the authority for the passage of section 2 of the ordinance, which is the basis

of this prosecution, must be found in some statutory provision of the legislature.

The Vehicle Code, supra, sec. 1214, 75 PS §761, provides:

"(a) The operator of any motor vehicle, involved in an accident resulting in injuries or death to any person or total property damage to an apparent extent of fifty ($50) dollars or more, shall, within twenty-four (24) hours, forward a report of such accident to the department, upon forms furnished by the department. If the operator is physically incapable, as a result of the accident, of making a report, it shall be the duty of any other participant in the accident, who is not incapacitated as the result of the accident, to forward such report. . . .

"(b) Local authorities may require the reporting of motor vehicle accidents, in such form as they deem advisable, occurring within their jurisdictions, but such local reports shall not conflict with the necessity for reporting *such accidents* to the department." (Italics supplied.)

The question arises under this subsection, what authority is vested in the boroughs, so far as accidents occurring within their jurisdiction are concerned. Are they confined to accidents where the property damage was to an extent of $50 or more, or can they legislate by ordinance, imposing a greater burden upon automobile drivers involved in accidents in their jurisdiction? To permit them to legislate on accidents other than those involving property damage to the extent of $50 or more would be contrary to the legislative intent, as has been disclosed in the development of legislation on the question of automobile violation, and would destroy that uniformity which has been sought in said legislation, for the many boroughs throughout the Commonwealth could vary the reports which an automobile driver might be compelled to make who would be involved in an accident in their jurisdiction from $1 to $50, and the driver

would not know, if the damages involved were less than $50, that it was necessary for him to make a report as provided by the statute covering generally automobile accidents. To permit the passage of such an ordinance, there must be specific and unquestioned authority to enact it. Prior legislation on the subject, as it is disclosed by The Vehicle Code of May 11, 1927, P. L. 886, sec. 1030, provided for the reporting of an accident resulting in injuries or death to any person or property damage to an apparent extent of $50 or more, except that when such accident occurred within an incorporated city or town, such report should be made to the police headquarters in such city or town. There is no provision in The Vehicle Code of 1927, supra, authorizing the local authorities to pass any ordinance on the particular subject. Subsection (b) appears for the first time in the Act of 1929 and subsection (a) of the latter act directs that in all cases reports of accidents involving apparent property damage in excess of $50 shall be reported to the department. Both the Act of 1927 and the Act of 1929 fix the minimum basis for the reporting of accidents involving property damage at an amount of an apparent damage of $50 or more. Under the Act of 1927 that was the minimum limit where a report was required to be made to the local authorities when the accident occurred in the incorporated district. Under the Act of 1927 no authority was vested in a borough which could require one who was involved in an automobile accident in that particular district, involving an apparent property damage of less than $50, to make any report, and subsequent legislation has only imposed on the party injured in said accident the necessity of reporting the accident to the department rather than to the local authorities, the amount involved being the same. Was not the provision of subsection (b) passed for the purpose of enabling local authorities to have reports made to them the same as under the Act of 1927, confining, however, such reports

to those involving an apparent property damage of $50 or more? Is this not further evidenced by the language used in subsection (*b*) when it states, "but such local reports shall not conflict with the necessity for reporting *such accidents to the department.*" (Italics supplied.) The only reports to be made to the department are those accidents involving an apparent property damage of $50 or more. There is nothing in the act of assembly directing that one involved in an accident where the apparent value is less than $50 shall make any report to the department. To place upon such subsection any other meaning would destroy the tendency for uniformity and particularly so when the language itself appearing in the act of assembly can be interpreted to uphold that purpose and aim.

Where legislation discloses an evident purpose to bring about uniformity in the affairs of cities, counties, boroughs and townships throughout the State, the courts will regard that purpose as controlling their interpretation of statutes: Jadwin v. Hurley, 10 Pa. Superior Ct. 104.

The act of assembly providing a penalty for failure to report calls for a fine of $10, and in default, an imprisonment of not more than five days. The penalty provided in the ordinance calls for a fine of not less than $1 nor more than $25, and in default of payment of said fine, commitment to the borough lock-up for a period not exceeding five days or in the county jail not exceeding 30 days. A greater penalty might be exacted under the ordinance for the violation involving property damages of less than $50 than the act of assembly provides for property damage in excess of $50. This proviso appearing in section 3 of the ordinance relative to the imposition of a penalty is in conflict with section 1212(*c*) as amended by the Act of June 22, 1931, P. L. 751, 75 PS §742, wherein it provides:

"Any city, borough, incorporated town, township, or county, which enforces an ordinance, rule or regulation

on a matter concerning which authority is expressly delegated to said authorities by this act, or for traffic matters not covered by this act, may impose a fine of not more than fifty ($50) dollars, to be collected by summary conviction, before any magistrate, as fines and penalties are now by law collected. In the event of non-payment of fines and costs of prosecution, the magistrate may sentence any person, convicted of violating an ordinance, rule or regulation, to undergo imprisonment for a period of not exceeding ten (10) days".

If there was authority for the passage of an ordinance of the character involved in this proceeding, the penalty would have to be consistent with the section last quoted. To permit an imprisonment of 30 days, as provided in said ordinance, would be in excess of the 10 days provided by the last-quoted section, and would be in excess of the penalty provided in the section relating to the report of accidents, and in such an event would be unreasonable.

The court is, therefore, of the opinion that there is no authority vested in the municipalities which by legislative enactment would permit the enactment of section 2 of the ordinance involved in this proceeding, wherein a person could be held liable for failing to report property damages of less than $50. Section 2 of the ordinance, therefore, would be void, as a municipal ordinance imposing more stringent conditions is void: Swarthmore Borough v. Taylor, 11 Del. Co. 182; White Line Taxi & Transfer Co. v. The Borough of South Brownsville, 91 Pa. Superior Ct. 46; New Jersey Interurban Coach Co. et al. v. City of Easton et al., 11 D. & C. 391; City of Scranton v. McGavin, 30 Lack. Jur. 122.

### Decree

And now, to wit, June 15, 1938, the motion in arrest of judgment is allowed and defendant is discharged, costs subsequent to appeal to be paid by the county.